# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE ALONZO PROCTOR, | Case No. 1:24-cv-01058-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WARDEN, FCI MENDOTA, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondent. | |

Petitioner Dwayne Alonzo Proctor is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary proceeding. For the reasons discussed herein, the undersigned recommends dismissal of the petition for writ of habeas corpus.

**I.**

**BACKGROUND**

Petitioner currently is in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Mendota, California ("FCI Mendota"). (ECF No. 1 at 1.[1]) Petitioner is challenging an October 23, 2023 disciplinary decision. (Id. at 2.) The administrative appeal to the Western Regional Office was denied on March 7, 2024. (Id.) The administrative appeal to the Central Office was denied on May 28, 2024. (Id. at 3.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On September 5, 2024, Petitioner filed the instant petition for writ of habeas corpus, challenging the disciplinary proceeding because the disciplinary hearing officer report ("DHO report") was not delivered within fifteen work days of the decision. (ECF No. 1 at 6.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Superintendent v. Hill, 472 U.S. 445, 454 (1984); Wolff, 418 U.S. at 563–67. Inmates are entitled to an impartial decisionmaker in a disciplinary proceeding. Wolff, 418 U.S. at 570–71. In addition to various procedural requirements for disciplinary proceedings as set forth in Wolff, due process requires that there be "some evidence" to support the disciplinary decision to revoke good time credits. Hill, 472 U.S. at 454–55.

In his sole claim for relief, Petitioner asserts that the DHO report was not delivered to Petitioner within fifteen work days of the decision, in violation of Program Statement 541.8(h)(5). (ECF No. 1 at 6.) Petitioner alleges that he did not receive a copy of the DHO report until the Western Regional Office provided it to him. (ECF No. 1 at 6.)

1     Neither the Supreme Court nor the Ninth Circuit has held that adherence to the timelines
2 and procedures established by a prison's inmate discipline program regulations is required to
3 satisfy constitutional due process. The Due Process Clause only requires that prisoners be
4 afforded those procedures mandated by Wolff and its progeny; it does not require that a prison
5 comply with its own, more generous procedures. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.
6 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). See Walker, 14
7 F.3d at 1420 ("[I]f state procedures rise above the floor set by the due process clause, a state
8 could fail to follow its own procedures yet still provide sufficient process to survive
9 constitutional scrutiny." (internal quotation marks omitted) (quoting Rogers v. Okin, 738 F.2d 1,
10 8 (1st Cir. 1984))).

11     Although the failure to provide Petitioner a copy of the written DHO report within fifteen
12 work days did not comply with the BOP's Program Statement, adherence to timelines established
13 by prison regulations is not required to satisfy constitutional due process. As Petitioner was
14 ultimately provided a written copy of the DHO report, Petitioner is not entitled to habeas relief.

## III.

## RECOMMENDATION & ORDER

17     Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for
18 writ of habeas corpus be DISMISSED for failure to state a cognizable federal habeas claim.

19     Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to
20 the present matter.

21     This Findings and Recommendation is submitted to the assigned United States District
22 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
23 Rules of Practice for the United States District Court, Eastern District of California. Within
24 **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
25 written objections with the court and serve a copy on all parties. Such a document should be
26 captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned
27 United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28
28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 18, 2024**                  /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE