**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DWAYNE ALONZO PROCTOR,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI MENDOTA,<br><br>　　　　　Respondent. | Case No. 1:24-cv-01058 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 6) |

　　　Dwayne Alonzo Proctor is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging disciplinary proceedings because Petitioner was not provided the Disciplinary Hearing Officer's Report within 15 workdays as required under Bureau of Prison's Program Statement § 541.8(h)(5). (Doc. 1 at 2, 6.) He asserts that he did not receive a copy of the DHO Report until requested. (*Id.*) Petitioner requests that the Court expunge his incident report "for violation of due process and not following the Program Statement." (*Id.* at 7.)

　　　The magistrate judge performed a preliminary review of the petition. (Doc. 6.) The magistrate judge observed that due process for prison disciplinary proceedings "requires that the prisoner receive: (1) advance written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written

1

statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." (*Id.* at 2, citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1984); *Wolff v. McDonnell*, 418 U.S. 539, 563-767 (1974).)  The magistrate judge found Petitioner did not demonstrate a violation constitutional due process, because the due process clause does not demand "a prison comply with its own, more generous procedures." (*Id.* at 3, citing *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).)  Thus, the magistrate judge determined that "adherence to timelines established by prison regulations is not required to satisfy constitutional due process." (*Id.*)  The magistrate judge found "Petitioner is not entitled to habeas relief," and recommended "the petition for writ of habeas corpus be dismissed for failure to state a cognizable federal habeas claim." (*Id.*, emphasis omitted.)

Petitioner filed timely objections to the Findings and Recommendations. (Doc. 8.)  He maintains that he suffered a violation of his due process rights because of "Agents violating laws and Program Statements." (*Id.* at 1.)  He also indicates that "consent is denied," suggesting that he did not consent to the magistrate judge's review of his petition. (*Id.*)  Thus, Petitioner requests the Court strike, or not adopt, the recommendations from the magistrate judge. (*Id.*)

Petitioner's consent was not required for the magistrate judge to perform a preliminary review of the petition, or to issue findings and recommendations.  *See* 28 U.S.C. § 636(b). Petitioner also does not dispute the finding that he received the due process required by *Wolff* and its progeny.  Instead, Petitioner maintains his right to due process was violated by the failure to provide a copy of the DHO Report within the timeframe specified in BOP Program Statement § 541.8(h)(5).  However, as the magistrate judge determined, such a failure to comply with the BOP Program Statements—which are "internal agency guidelines"— is insufficient to support a constitutional violation of a right to due process. *See Reeb v. Thomas,* 636 F.3d 1224, 1227 (9th Cir. 2011) ("A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law").  Thus, Petitioner cannot state a cognizable claim for habeas relief premised upon the alleged failure to comply with the deadline imposed by BOP Program Statement § 514.8(h)(5).

2

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

    1.    The Findings and Recommendations dated September 18, 2024 (Doc. 6) are **ADOPTED** in full.

    2.    The petition for writ of habeas corpus is **DISMISSED**.

    3.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 18, 2024**

UNITED STATES DISTRICT JUDGE

3